E-FILED
Wednesday, 14 May, 2014 05:34:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL S. FOGERSON, )<br>)<br>Defendant. ) | Case No. 13-CR-20047 |

## OPINION

This case is before the court for ruling on three motions filed by Defendant, Michael S. Fogerson. This court has carefully reviewed the motions filed and the Government's responses. Following this careful and thorough review, this court rules as follows: (1) Defendant's Motion to Dismiss Count Three of the Indictment (#14) is DENIED; (2) Defendant's Motion for Relief from Improper Joinder (#15) is DENIED; and (3) Defendant's Motion for Early Return of Trial Subpoenas (#16) is GRANTED.

## BACKGROUND

On September 11, 2013, a federal grand jury in the Central District of Illinois charged Defendant by Indictment (#1) with two counts of filing a false tax return in violation of 26 U.S.C. § 7206(1) (Counts 1 and 2) and one count of illegally structuring in violation of 31 U.S.C. § 5324(a)(3) and (d)(2) (Count 3). Defendant is represented by retained counsel and has been released on bond.

## PENDING MOTIONS

## MOTION TO DISMISS COUNT THREE

On April 10, 2014, Defendant filed a Motion to Dismiss Count Three of the Indictment (#14). Defendant argued that Count 3, the structuring count, is insufficient as it fails to allege a necessary element of the offense. According to Defendant, the missing element is that Defendant had knowledge that financial institutions are required to report currency transactions in amounts greater than $10,000.

On May 12, 2014, the Government filed its Response to Defendant's Motion to Dismiss (#19). The Government argued that Count 3 sufficiently tracks the structuring statute and alleges knowledge as required by the Seventh Circuit. This court agrees with the Government.

Count 3 of the Indictment states:

> 1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 and 2 of Count One of this Indictment as though fully set forth herein.
>
> 2. From at least April of 2009 to December of 2011, FOGERSON had signatory authority over multiple bank accounts at Regions Bank, which at all times material to this indictment has been a domestic financial institution whose deposits were insured by the Federal Deposit Insurance Corporation located in Champaign County and Macon

County, in the Central District of Illinois, and elsewhere.

3. Section 5313(a) of Title 31 of the United States Code and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Section 103.22(b), require that a domestic financial institution prepare a currency transaction report (CTR) for any currency transactions in excess of $10,000.

4. Beginning on January 10, 2011, and continuing through at least December 16, 2011, on approximately 316 occasions, FOGERSON deposited or caused to be deposited from the referenced accounts at Regions Bank sums of United States currency under the $10,000 threshold that would generate a CTR for the purpose of avoiding the filing of a CTR and the potential detection of his failure to report all of The Smoke Shack's gross receipts on his federal income tax returns. These deposits totaled approximately $1,735,937 in United States currency.

5. On or about December 15 and 16, 2011, in Champaign County, in the Central District of Illinois,

**MICHAEL S. FOGERSON**

defendant herein, did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a)

and regulations prescribed thereunder, structured and assisted in structuring and attempted to structure and assist in structuring, the following transactions with Regions Bank, a domestic financial institution:

| Date | Time | Deposit | Account (Last 4 #s) |
|---|---|---|---|
| December 15, 2011 | 10:05 a.m. | $9,000 | 6399 |
| December 15, 2011 | 10:05 a.m. | $9,000 | 6372 |
| December 16, 2011 | 10:13 a.m. | $9,400 | 6372 |
| December 16, 2011 | 10:14 a.m. | $6,800 | 6399 |

6. The defendant committed this offense while violating another law of the United States, namely, tax evasion, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period commencing on January 10, 2011.

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); and Title 31, Code of Federal Regulations, Section 103.11.

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958

(7th Cir. 2010). Nothing more is required. *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011). The Seventh Circuit has noted that "[a]n indictment need not say much to be deemed sufficient." *United States v. Moore*, 563 F.3d 583, 585 (7th Cir. 2009). An indictment that "tracks" the words of a statute to state the elements of the crime is generally acceptable and, while there must be enough factual particulars so that the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive. *White*, 610 F.3d at 958-59.

This court concludes that, under the applicable standard, Count 3 of the Indictment (#1) is clearly sufficient. Count 3 contains detailed allegations which state the elements of the crime charged, apprise Defendant of the nature of the charge and are sufficient to allow Defendant to evaluate double jeopardy problems. *See Phillips*, 645 F.3d at 861. The allegations contained in Count 3 track the structuring statute and sufficiently allege that Defendant acted knowingly. *See Phillips*, 645 F.3d at 861-62. This court completely agrees with the Government that a defendant cannot "knowingly" evade reporting requirements unless he has knowledge of those requirements. Thus, any common sense reading of Count 3 reveals that it sufficiently alleges that Defendant knew of the reporting requirements and acted to avoid them.

Based upon the reasoning set out in this Opinion, Defendant's Motion to Dismiss Count Three of the Indictment (#14) is DENIED.

## MOTION TO SEVER

On April 10, 2014, Defendant filed a Motion for Relief from Improper Joinder of Counts (#15). Defendant asked this court to sever Count 3 from Counts 1 and 2 (if this court does not dismiss Count 3). Defendant argued that Count 3 was not adequately related to Counts 1 and 2 because the time periods involved are different and because there is no evidentiary overlap. Defendant noted that Count 1 alleged that he filed a false 2009 tax return, filed on or about April 15, 2010, and Count 2 alleged that he filed a false 2010 tax return, filed on or about April 15, 2011, and that Count 3 alleged that he engaged in structured transactions in 2011.

On May 12, 2014, the Government filed its Response to Defendant's Motion to Sever Count 3 (#18). The Government argued that Count 3 was properly joined with Counts 1 and 2 because the offenses are of the "same class," namely, financial crimes involving defrauding the IRS. Again, this court agrees with the Government.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that the Government may join separate offenses against a single defendant where the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Seventh Circuit has stated that Rule 8(a) should be broadly construed in favor of joinder in order to increase judicial efficiency and to avoid costly and duplicative trials. *United States v. Freland*, 141 F.3d 1223, 1226 (7th Cir. 1998); *see also United States v. Berg*, 714 F.3d 490,

494-95 (7th Cir. 2013). In addition, the United States Supreme Court has recognized that joint trials play a vital role in the criminal justice system by promoting efficiency and serving the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

"Rule 8(a) permits the joinder of offenses of the same or similar character, even if they are entirely unrelated to each other." *Berg*, 714 F.3d at 495, *quoting United States v. Gooch*, 665 F.3d 1318, 1335 (D.C. Cir. 2012). "The 'same or similar character' requirement is a 'clear directive to compare the offenses charged for categorical, not evidentiary, similarities." *Berg*, 714 F.3d at 495. Thus, Rule 8(a) does not require that joined offenses be temporally or evidentially related, just that they be "of like class." *Berg*, 714 F.3d at 495, *quoting United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1998). In *Alexander*, the Seventh Circuit concluded that various fraud charges, brought under three different statutes, were all of the "same or similar character" for purposes of Rule 8(a) and properly joined. *Alexander*, 135 F.3d at 476.

Based on the applicable case law, this court concludes that the charges against Defendant are "of like class," namely, financial crimes involving defrauding the IRS and were properly joined under Rule 8(a). *See, e.g., Alexander*, 135 F.3d at 476; *United States v. Ervin*, 2011 WL 2551192, at *4 (M.D. Ala. 2011) (structuring and tax evasion charges properly joined because each charge involved defrauding the United States). Accordingly, Defendant's Motion for Relief from Improper Joinder of Counts (#15) is DENIED.

MOTION FOR EARLY RETURN OF TRIAL SUBPOENAS

On April 10, 2014, Defendant filed a Motion for Early Return of Trial Subpoenas (#16). Defendant asked this court, pursuant to Rule 17 of the Federal Rules of Criminal Procedure, for entry of an order setting a date for early return of trial subpoenas to be issued by Defendant in this case. On May 12, 2014, the Government filed its Response (#20). The Government stated that it had no objection to this Motion on the condition that any order setting a date for early return of trial subpoenas is reciprocal to both the United States and Defendant. Therefore, because there is no opposition, Defendant's Motion (#16) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss Count Three of the Indictment (#14) is DENIED.

(2) Defendant's Motion for Relief from Improper Joinder (#15) is DENIED.

(3) Defendant's Motion for Early Return of Trial Subpoenas (#16) is GRANTED. Any order setting a date for early return of trial subpoenas will be reciprocal to both the United States and Defendant.

ENTERED this 14th day of May, 2014.

s/Michael P. McCuskey
_____
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE